# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| BEASLEY MEDIA GROUP, LLC and TRI-STATE COMMUNICATIONS, INC.<br><br>Petitioners,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>Respondents. | No. _____ |

## PETITION FOR REVIEW

Eric D. Stolze
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA 30309
(404) 815-2315
ericstolze@paulhastings.com

*Counsel for Petitioners*

Docket No. _____

*Beasley Media Grp., LLC et al. v. FCC et al.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Local Rules 26.1-1 to 26.1-4, Petitioners Beasley Media Group, LLC and Tri-State Communications, Inc. submit the following certificate of interested persons and corporate disclosure statement.

Petitioner Beasley Media Group, LLC is a subsidiary of Beasley Broadcast Group, Inc., and 10% or more of Beasley Media Group, LLC's stock is owned by Beasley Broadcast Group, Inc.  Beasley Broadcast Group, Inc. is a publicly held corporation.  Petitioner Tri-State Communications, Inc. is not a publicly traded company or corporation, has no parent company or corporation, and no publicly held company or corporation owns 10 percent or more of Tri-State Communications, Inc.'s stock.

The following is a complete list of interested persons pursuant to Eleventh Circuit Local Rule 26.1-2(a) that have an interest in the outcome of this petition:

- Beasley Media Group, LLC – Petitioner

- Beasley Broadcast Group, Inc. – Ultimate Beneficial Owner of Beasley Media Group, LLC – Petitioner (Ticker – NASDAQ: BBGI)

- Ellison, P. Michele – General Counsel of Respondent

- Federal Communications Commission – Respondent

Docket No. _____

*Beasley Media Grp., LLC et al. v. FCC et al.*

- Garland, Merrick B. – Attorney General of the United States of America

- Paul Hastings LLP – Law firm representing Petitioners

- Stolze, Eric D. – Counsel for Petitioners

- Tri-State Communications, Inc. – Petitioner

- United States of America – Respondent


Dated: February 23, 2024                                s/ Eric D. Stolze
                                                        Eric D. Stolze

                                                        *Counsel for Petitioners*

C-2 of 2

## PETITION FOR REVIEW

Pursuant to Section 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, Beasley Media Group, LLC ("Beasley") and Tri-State Communications, Inc. ("Tri-State") (collectively, "Petitioners") hereby petition this Court for review of the *2018 Quadrennial Regulatory Review — Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, 89 Fed. Reg. 12196 (Feb. 15, 2024) ("Quadrennial Review Order" or "Order").[1]  A copy of the Quadrennial Review Order is attached to this Petition as Exhibit A.  Venue lies in this Court pursuant to 28 U.S.C. § 2343.

Section 202(h) of the Telecommunications Act of 1996 mandates that the Federal Communications Commission ("FCC" or "Commission") review its broadcast ownership rules every four years and "repeal" or "modify" any rule no longer "necessary in the public interest as the result of competition."  Pub. L. No. 104-104, § 202(h), 110 Stat. 111-12.  By establishing an iterative review process,

---

[1] Beasley is a Florida-based broadcast and media company owning FCC-licensed commercial radio stations in 14 large and mid-sized markets across the country. Tri-State is a small broadcast company owning FCC-licensed commercial radio stations in the state of Georgia.

1

Congress directed the Commission to regularly update its rules to reflect competitive changes in the marketplace.

But the Quadrennial Review Order fundamentally misapprehends the FCC's statutory duties. Disregarding Section 202(h)'s deregulatory purpose, the Quadrennial Review Order retains the FCC's analog-era local radio ownership rule and even manages to make the local television ownership rule more restrictive. The local radio rule sharply limits the total number of radio stations (AM and FM combined), and separately caps the number of AM stations and the number of FM stations, that any one broadcaster can own in a local market. The Quadrennial Review Order also strays from the competition-based approach that the Telecommunications Act requires by failing to account for the exponentially greater competition that broadcasters now face from a wide range of sources – competition that did not even exist in 1996, when the current version of the local radio ownership rule was adopted.

The Commission, moreover, has consistently flouted its duty under Section 202(h) to review and determine the public interest necessity of its broadcast ownership rules "as the result of competition" every *four* years. Here, the agency completed this "2018" review more than *five* years after belatedly beginning it in late 2018, the year in which the FCC should have conducted the review. The Commission finally issued the Quadrennial Review Order on December 26, 2023,

2

but only after the Court of Appeals for the District of Columbia Circuit, in response to a petition for mandamus, ordered the agency to show cause why the petition should not be granted if the agency had not finished the review by December 27, 2023. *See Per Curiam* Order, *In re National Association of Broadcasters*, No. 23-1120 (Sept. 28, 2023).

Despite the FCC's lengthy delay in completing the 2018 review, the Quadrennial Review Order is replete with legal and factual errors, and violates the law in several ways. The Quadrennial Review Order misinterprets Section 202(h) by disregarding its deregulatory intent and its competition-focused language. The Order contravenes the Administrative Procedure Act by failing to consider substantial parts of the record, including highly relevant data, analyses, and studies submitted by various participating parties. The Order also reaches conclusions unsupported by and, at times, directly contrary to the very extensive record assembled during the comment period. Indeed, important aspects of the FCC's reasoning are illogical, inconsistent, or self-contradictory.

Retaining antiquated broadcast ownership rules adversely affects Beasley, Tri-State, and other broadcasters who encounter intense competition from a continually growing array of content providers and advertising platforms. The record shows substantial declines in listening for AM/FM radio stations due to competition from many other sources, ranging from music streaming services to

satellite radio to YouTube and more. The record also demonstrates that broadcasters' advertising revenues have declined as advertisers shift their advertising budgets from over-the-air broadcast stations to digital advertising giants such as Facebook and Google. Despite these indisputable trends, the Commission has either retained (or tightened) ownership rules dating from the 1990s that obstruct local broadcasters – but not their competitors – from achieving economies of scale needed to compete in the modern media marketplace.

Beasley and Tri-State actively participated in the proceedings below. Each joined in comments submitted to the Commission. Each participated in one or more meetings with FCC commissioners and/or staff to express support for reforming the local radio ownership rule to reflect the competition local broadcasters face in today's marketplace.

Beasley and Tri-State now seek relief from the Quadrennial Order on the grounds that: (1) it is contrary to Section 202(h) of the Telecommunications Act of 1996; (2) it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the Administrative Procedure Act; (3) it is in excess of the FCC's statutory authority; and (4) it is otherwise contrary to law.

Accordingly, Beasley and Tri-State request that this Court hold unlawful, vacate, and set aside the Quadrennial Order and grant such additional relief as may be necessary and appropriate.

Dated:  February 23, 2024                             Respectfully submitted,

                                                            s/ Eric D. Stolze
                                                            Eric D. Stolze
                                                            PAUL HASTINGS LLP
                                                            1170 Peachtree Street, N.E.
                                                            Suite 100
                                                            Atlanta, GA 30309
                                                            (404) 815-2315
                                                            ericstolze@paulhastings.com

                                                            *Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February 2024, copies of the foregoing Petition for Review, and Certificate of Interested Persons and Corporate Disclosure Statement, were electronically filed with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system.

I further certify, on the same date and pursuant to Fed. R. App. P. 25(d) , I caused copies of the foregoing Petition for Review, and Certificate of Interested Persons and Corporate Disclosure Statement, to be served by United States First-Class Mail (postage prepaid), United States Registered Mail (postage prepaid), and via email (to LitigationNotice@fcc.gov pursuant to 47 C.F.R. § 1.13), upon the Respondents listed below:

| | |
|---|---|
| P. Michele Ellison<br>General Counsel<br>Federal Communications<br>   Commission<br>45 L Street, N.E.<br>Washington, D.C. 20554 | Merrick B. Garland<br>Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |

I further certify, on the same date, two copies of the foregoing Petition for Review, and Certificate of Interested Persons and Corporate Disclosure Statement, were given to the Clerk of the Court for service on the Respondent and pursuant to Fed. R. App. P. 15(c)(3).

1

s/ Eric D. Stolze
Eric D. Stolze
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA 30309
(404) 815-2315
ericstolze@paulhastings.com

*Counsel for Petitioners*

2